USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/15/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA         :

                                   :

         -v-                        :         13 Cr. 580 (JMF)

                                   :

GERALD WILLIAMS,              :         MEMORANDUM
                                   :      OPINION AND ORDER

                Defendant.    :

                                   :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Indictment in this case charges Defendant Gerald Williams and seven others with

conspiracy to distribute and possess with intent to distribute oxycodone and codeine and

conspiracy to obtain possession of oxycodone and codeine by misrepresentation, fraud, forgery,

deception, and subterfuge. (Docket No. 2). On November 20, 2013, Williams filed a motion

seeking suppression of evidence concerning certain pretrial identifications of him or, in the

alternative, a hearing on the issue. (Docket No. 51).[1] The motion is DENIED.

      It is well established that evidence of "[a] prior identification will be excluded only if the

procedure that produced the identification is 'so unnecessarily suggestive and conducive to

irreparable mistaken identification that [the defendant] was denied due process of law.'" *United*

*States v. Salameh*, 152 F.3d 88, 125 (2d Cir. 1998) (quoting *United States v. Simmons*, 923 F.2d

934, 950 (2d Cir. 1991)). A court must evaluate a pretrial identification, when challenged, using

---

[1] In the same motion, Williams sought an order requiring the Government to disclose any
evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence
and a hearing to determine the admissibility of any such evidence. The Court denied that portion
of the motion from the bench on November 26, 2013. The remaining portion of Williams's
motion, addressed here, became fully briefed on January 13, 2014, the deadline for the filing of
any reply memorandum of law (which Williams did not file).

a one- or two-step inquiry. "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). If they were not, the identification is "generally admissible without further inquiry into the reliability of the pretrial identification." *Id.*; *accord Raheem v. Kelly*, 257 F.3d 122, 133-34 (2d Cir. 2001). "If the pretrial procedures were unduly suggestive, the analysis requires a second step; the court must then weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Maldonado-Rivera*, 922 F.2d at 973.

Significantly, a defendant "may not baldly request" a hearing into the admissibility of pretrial identification evidence — commonly known as a *Wade* hearing. *United States v. Berganza*, No. S(4) 03 Cr. 987 (DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005). To be entitled to a hearing, a defendant must instead "allege facts supporting his contention that the identification procedures used were impermissibly suggestive. A 'threshold showing' of suggestiveness is necessary in order to trigger a *Wade* hearing." *Id.*; *see also, e.g.*, *United States v. Swain*, No. S4 08 Cr. 1175 (JFK), 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011) (holding that a defendant is not entitled to a hearing where his "suggestion of impropriety in the presentation of a photo array is mere speculation"); *United States v. Adeniyi*, No. 03 Cr. 86 (LTS), 2003 WL 21146621, at *3 (S.D.N.Y. May 14, 2003) (denying a motion without a hearing where the defendant had failed to proffer "any information indicating that there were irregularities in the presentation of the arrays"); *United States v. Giovanelli*, 747 F. Supp. 875, 885 (S.D.N.Y. 1989) (denying a request for a hearing where the defendant did not allege "any concrete grounds" to suggest that identification procedures were improper).

In light of these standards, there is no basis to hold a hearing in this case, let alone suppress evidence of the pretrial identifications. As an initial matter, Williams makes no claim that the photographic array used in connection with the pretrial identifications at issue was in itself unduly suggestive. That is for good reason. In reviewing the composition of a photographic array, "the principal question is whether the picture of the accused . . . so stood out from all the other photographs as to 'suggest to an identifying witness that [the accused] was more likely to be the culprit.'" *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986) (quoting *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir. 1984)). A review of the photographic array used in this case (attached as Exhibits B and D to the Government's Memorandum of Law) makes clear that Williams's photograph did not stand out from the others. To be sure, there are some minor differences in lighting, facial hair, and the like among the photographs. But these differences do not render the array suggestive. *See United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) ("While it is true that the photograph of [the defendant] is slightly brighter and slightly more close-up than the others, we find that these differences did not render the array suggestive."); *see also Jarrett*, 802 F.2d at 41 ("[I]t is not required . . . that all of the photographs in [a photo] array be uniform with respect to a given characteristic.").

As for the procedures used in conducting the identifications at issue, Williams concedes that he has "no facts that provide the context for the circumstances surrounding the alleged out of court identification[s]." (Williams Mem. 1). Instead, he asks for a hearing to develop a factual record "from which this Court may divine the appropriateness of the identification procedure[s] employed." (*Id.*). This is a patently insufficient basis for a hearing, however. *See, e.g.*, *Swain*, 2011 WL 4348142, at *7 (denying a request for a hearing under similar circumstances and stating that "[w]here as here, Defendant's suggestion of impropriety in the presentation of a

photo array is mere speculation, a pretrial hearing into the identification procedures is not warranted"). Furthermore, in its Memorandum of Law opposing Williams's motion, the Government makes representations about how the identifications were conducted — including that they were conducted in a double-blind manner (that is, by an investigator who did not know which photograph depicted Williams), and that the witness was told, among other things, (1) that the perpetrator "may or may not be among the pictures"; (2) not to assume that the investigator knew who the perpetrator was; (3) not to look at the investigator or anyone else in the room for guidance; and (4) to "[p]ay no attention to any markings that may appear on the photos, or any other difference in the type or style of the photographs." (Gov't Mem. 3-4, 8, & Ex. A). Assuming these representations to be true, there is plainly no basis for suppression.

For the foregoing reasons, Williams has not established any basis to suppress evidence of the pretrial identifications or to hold a hearing on the issue. "Instead, the reliability of the identification evidence can be ensured through the time-honored process of cross-examination — the device best suited to determine the trustworthiness of testimonial evidence." *Swain*, 2011 WL 4348142, at *7 (internal quotation marks omitted). Accordingly, Williams's motion is DENIED, and the hearing with respect to the motion scheduled for February 11, 2014, is CANCELLED. The Clerk of Court is directed to terminate Docket No. 51.

SO ORDERED.

Dated: January 15, 2014
      New York, New York

                    JESSE M. FURMAN
                United States District Judge